# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

RUSSELL TODD SCHELLS,

        Petitioner,

vs.                                                      Civil No. 05-437 RB/RHS

JAMES JANECKA, Warden, et al.,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Respondents' Motion to Dismiss Petition ("Motion"), filed May 26, 2005 **[Doc. 10]**.  Petitioner, Russell Schells, who is incarcerated and proceeding _in forma pauperis_, filed a _pro se_ federal habeas corpus petition pursuant to 28 U.S.C. § 2254 ("Petition") on April 18, 2005 **[Doc. 1]**.

    2.  In April 2003, following a jury trial, Petitioner was convicted of Homicide By Vehicle; Great Bodily Injury By Vehicle; Reckless Driving; Resisting, Evading, or Obstructing An Officer (two counts); No Headlights At Night; and Stop Sign Violation.  (See Amended Judgment, Sentence and Commitment to the Department of Corrections, Ex. B to Respondents' Answer.[1]) The court directed that "[a]ll counts shall run consecutively for a basic term of imprisonment of eleven (11) years and two hundred sixty-eight (268) days."  (Id. at 2.)  After enhancing each of the first two counts by a term of four years under the Habitual Offender Act, the court ordered Petitioner to serve "a total sentence and term of imprisonment of NINETEEN (19) YEARS AND TWO HUNDRED SIXTY-EIGHT (268) DAYS."  (Id. (capitalization in original).)

_____

[1]All exhibits are attached to Respondents' Answer, unless otherwise indicated.

3.  Petitioner raises the following grounds for relief:

(1)    ineffective assistance of counsel based on trial counsel's failure to cross-
examine a witness;

(2)    violation of double jeopardy occurred when Petitioner "was convicted of
the same counts twice" (Petition at 7); and

(3)    insufficiency of evidence because Petitioner "was convicted of D.W.I." (Id.
at 9).

Respondents concede that Petitioner "has exhausted his claims in state court."  (Respondents'

Answer at 1, ¶3 **[Doc. 12]**.)

4.  Following his convictions, Petitioner raised Ground 3 (insufficiency of evidence) on

direct appeal.  (See Petition for Writ of Certiorari to the New Mexico Court of Appeals, Ex. J.)[2]

Petitioner raised Grounds 1 (ineffective assistance of counsel), 2 (violation of double jeopardy)

and 3 in his state petition for habeas corpus.  (See Petition for Writ of Habeas Corpus, Ex. N;

Petition for Writ of Certiorari to the Second District Court of New Mexico, Ex. P.)[3]

**Standard**

5.  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

petitioner is entitled to federal habeas relief only if he can establish that the state court decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[2]The New Mexico Court of Appeals denied Petitioner's appeal in a Memorandum Opinion. (Ex. I.)  The New Mexico Supreme Court summarily denied Petitioner's petition for writ of certiorari.  (Ex. K.)

[3]In the New Mexico state district court, Petitioner's petition for habeas corpus was "summarily dismissed because as a matter of law petitioner is not entitled to relief."  (Order on Petition for Writ of Habeas Corpus, Ex. O.)  The New Mexico Supreme Court, "having considered said petition," summarily denied Petitioner's petition for writ of certiorari.  (Order, Ex. Q.)

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. §28 U.S.C. 2254(d). A state court's factual findings are presumed correct, unless rebutted by clear and convincing evidence. § 2254(e)(1).

6. Moreover, a federal district court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999) (emphasis in original). Thus, this Court must uphold the New Mexico state court's summary decision[4] with respect to Petitioner's state habeas petition, unless an "independent review[5] of the record and pertinent federal law persuades us that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." Id. at 1178.

*Ground One - Ineffective Assistance of Counsel*

7. In order for Petitioner to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test. See Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998). To show that his counsel rendered ineffective assistance in contravention of the Sixth Amendment, Petitioner must show that: (1) his counsel's performance was constitutionally

---

[4]A summary decision can constitute an adjudication on the merits for purposes of § 2254(d), provided that the decision was reached on substantive rather than procedural grounds. See Aycox, 196 F.3d at 1177 (citations omitted). As in Aycox, "[t]here is no evidence here that the [New Mexico] state court did not consider and reach the merits of [Petitioner's] claim." Id. 196 F.3d at 1177.

[5]"This 'independent review' should be distinguished from a full de novo review of the petitioner's claims . . . . [and is] deferential because we cannot grant relief unless the state court's result is legally or factually unreasonable." Aycox, 196 F.3d at 1178 (citation omitted).

deficient, and (2) he was prejudiced by such deficient performance.  Strickland v. Washington, 466 U.S. 668, 687; United States v. Cook, 45 F.3d 388 (10th Cir. 1995).

8.   First, to show deficient conduct, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688).  To demonstrate that his attorney's performance fell below this standard, Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.

9.   Second, even if Petitioner is able to satisfy the first prong of this test, he will not be entitled to relief unless he is also able to demonstrate that his counsel's performance prejudiced him.  To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6] Strickland, 466 U.S. at 694.

10.   Petitioner alleges that his trial counsel was ineffective in that he failed to cross-examine Officer Guevara regarding a prior statement.  According to Petitioner, had trial counsel done so, "the jury would have seen that [Officer Guevara] was not telling the truth at all." (Petition at 6.)  Petitioner asserts that Officer Guevara testified at trial that Petitioner "had evaded him; but in witness interviews [Officer Guevara] stated . . . he was not trying to apprehen[d] nor engage my vehicle."  (Id.)  Thus, Petitioner apparently argues that if trial counsel had conducted an adequate cross-examination, the jury would have disregarded Officer Guevara's testimony.

---

[6]"It is not enough for a defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  Strickland, 466 U.S. at 693.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

11.   The Court has reviewed both the transcript of Officer Guevara's trial testimony and an audiotape provided by Petitioner.  (See Audiotape accompanying Motion to the Attorney General Findings that were Objected to by Petitioner ("Response") **[Doc. 16]**.)[7]  Following its consideration of these materials, the Court concludes that even under a *de novo* standard of review, the evidence fails to show that counsel's conduct fell below the accepted standard of performance, or that Petitioner was prejudiced by counsel's conduct.

12.   Petitioner's claim fails primarily because it lacks factual support.  Petitioner contends that prior to trial, Officer Guevara stated that he was *not* attempting to engage Petitioner's vehicle, and testified at trial that he *was* trying to engage Petitioner's vehicle.  However, Petitioner's allegations find no support in the record.  First, a review of the audiotape provided by Petitioner does not contain a recorded statement made by Officer Guevara.  Second, Officer Guevara did not testify at trial that he was attempting to "engage" or "pursue" Petitioner's vehicle.

13.   At trial, Officer Guevara explained that he did not "feel that I was close enough to hit my emergency lights for [Mr. Schells] to know that I was trying to stop him."  (Transcript of Proceedings of April 23, 2003 at 131:2-4.)  Indeed, when the prosecutor referred to "the pursuit," Officer Guevara responded: "Just to clarify, it was never pursuit, it was just trying to stop a vehicle."  (Id. at 134:20-25.)  On cross-examination, Officer Guevara confirmed that he did not use his emergency equipment "at any time."[8]  (Id. at 147:8-10.)

---

[7]The audiotape submitted by Petitioner with his Response will be returned to Petitioner at the conclusion of these proceedings.

[8]Officer Guevara estimated that his vehicle never got closer than a block and a half to Petitioner's vehicle.  (Transcript of Proceedings of April 23, 2003 at 147:14-15.)

14.   Finally, Petitioner has not demonstrated prejudice by trial counsel's alleged failure to cross-examine Officer Guevara regarding whether he attempted to "engage" Petitioner's vehicle.[9] Faced with two charges of Resisting, Evading or Obstructing an Officer involving flight from, or evasion of, Officer Guevara, the jury found Petitioner guilty only of the charge describing an attempt to flee "on foot."  (Record Proper [RP] at 90-91(Jury Instruction Nos. 10,11); 116-18 (Verdict).)[10]  For the reasons set forth above, Petitioner should be denied relief on Ground One.

*Ground Two - Double Jeopardy*

15.   Petitioner next alleges that violation of double jeopardy occurred because Petitioner "was convicted of the same counts twice."  (Petition at 7.)  The basis of this claim apparently arises from allegations similar, if not identical, to the allegations set forth in Ground One.[11]  (See id. (alleging that "no one was chaseing [sic] [me] by there [sic] own statements," and "my lawyer failed to do his job by not asking if the officer's statement was true").)

16.   "The double jeopardy clauses of both constitutions protect against multiple punishments for the same offenses."  State v. LeFebre, 130 N.M. 130, 135, 19 P.3d 825, 830 (N.M.Ct.App. 2001) (citation omitted).  "Multiple-punishment claims are controlled by the intent expressed in the criminal statute(s) violated."  Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir.

---

[9]A finding of no prejudice eliminates the need to make a determination on the first prong of the Strickland analysis.  Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995).

[10]The jury considered a total of three charges of Resisting, Evading or Obstructing an Officer in violation of NMSA § 30-22-1.  Two of these charges involved allegations of fleeing from or attempting to evade Officer Guevara.  The third charge (Count 8) alleged that Petitioner "resisted or abused Officer Guevara."  (RP at 92 (Jury Instruction No. 12).)

[11]In Ground Two, Petitioner appears to focus on the same two charges of Resisting, Evading or Obstructing an Officer in violation of NMSA § 30-22-1 (involving fleeing or attempting to evade Officer Guevara) as he did in Ground One.

6

1995) (citations omitted).  This Court "should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes."  Thomas, 44 F.3d at 887 (citations and internal quotation marks omitted).

17.   Under New Mexico law, the court conducts a two-part test for determining legislative intent as to multiple punishment.  Swafford v. State, 112 N.M. 3,13, 810 P.2d 1223, 1233 (1991); State v. Contreras, 120 N.M. 486, 489 (1995):

> First, the court must inquire as to "whether the conduct underlying the offenses is unitary, i.e., whether the same conduct violates both statutes."  If the conduct is non-unitary, then multiple punishments would not violate the Double Jeopardy Clause.  If the conduct is unitary, the court must then proceed to the second prong of the test, which "asks whether the legislature intended multiple punishment for unitary conduct."

18.   "Conduct is unitary if it is not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished."  LeFabre, 130 N.M. at 135, 19 P.3d at 830 (citations omitted).  Other factors considered in determining whether conduct constitutes separate acts or "merely distinct parts of one offense" include the similarity of the acts performed, whether the conduct occurred at the same location and defendant's intent.  See Herron v. State, 111 N.M. 357, 361 (1991).

19.   Petitioner raised the issue of double jeopardy in his state petition for writ of habeas corpus.  (See Exs. N, P.)  That petition was summarily denied by both the state district court and the New Mexico Supreme Court.   Because Petitioner bases his double jeopardy claim on the same facts alleged in Ground One, his allegations suffer from the same lack of factual support as those in Ground One.  Similarly, and more important with respect to his double jeopardy claim, because Petitioner alleges a violation based on a charge of which he was not convicted,[12] he fails

_____

[12] See discussion under Ground One, supra, regarding the charges under NMSA § 30-22-1.

to show that he has been prejudiced.  In addition, although it is unclear whether Petitioner alleged a violation of double jeopardy with respect to his two convictions under NMSA § 30-22-1 in either his state habeas petition or his federal petition, the evidence supports a finding that Petitioner's conduct regarding these convictions was not unitary.[13]

20.   Both the Second Judicial District Court and the Supreme Court of the State of New Mexico have considered and rejected Petitioner's double jeopardy claim.  This Court cannot conclude that the decision of the New Mexico state courts to deny Petitioner's double jeopardy claim was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. Therefore, relief should be denied under Ground Two on the issue of double jeopardy.

*Ground Three - Sufficiency of the Evidence*

21.   Finally, Petitioner alleges an insufficiency of evidence because Petitioner "was convicted of D.W.I."[14] (Petition at 9).  The Court's proper inquiry when reviewing a sufficiency of evidence claim, is to ask "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact *could* have found the essential elements of the crime

---

[13]That is, the state courts could have reasonably found that the quality and nature of Petitioner's conduct in fleeing or attempting to evade Officer Guevara on foot was sufficiently distinguished from his conduct in resisting or abusing Officer Guevara, such that Petitioner's conduct was not unitary (i.e., running away from an officer is dissimilar from "fight[ing] with" and "flailing" at an officer).  (Transcript of Proceedings of April 23, 2003 at 142:12-15, (testimony of Officer Guevara).)

[14]Petitioner's allegation that he was convicted of "D.W.I." finds no support in the record. The Court notes that none of Petitioner's convictions required a finding of driving while intoxicated.  (See RP at 80-104 (Jury Instructions).)

beyond a reasonable doubt." Lucero v. Kerby et al, 133 F.2d 1299, 1312 (10th Cir. 1998) (emphasis added); Jackson v. Virginia, 443 U.S. 307, 319 (1979).

22.   The New Mexico Court of Appeals addressed this claim and made findings which support Petitioner's convictions.   (See Notice Proposed Summary Disposition, Ex. G; Memorandum Opinion, Ex. I.)   These findings should be given deference in federal habeas proceedings.[15]   Petitioner offers no "clear and convincing evidence" to rebut the presumption of correctness of the state court findings.   This Court cannot conclude that the New Mexico state court's decision that sufficient evidence supports Petitioner's convictions was either contrary to, or involved an unreasonable application of clearly established federal law, or that such a decision was based on an unreasonable determination of the facts.   Accordingly, relief on this ground should be denied.

### Recommendation

I recommend that Respondents' Motion to Dismiss Petition **[Doc. 10]** be **granted**, that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 **[Doc. 1]** be **denied**, and that this civil proceeding be **dismissed** with prejudice in its entirety.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to

---

[15]Factual findings from state court proceedings are presumed correct unless rebutted by clear and convincing evidence.  State determinations of legal questions or mixed questions of fact and law are also given deference  A federal court may grant habeas relief if, and only if, the "decision" resulting from that adjudication was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or involved an "unreasonable application of" law, or an "unreasonable determination of the facts in light of the evidence" presented at the state level.  28 U.S.C. § 2254(e)(1).

such proposed findings and recommendations.  A party must file any objections within the ten day

period allowed if that party wants to have appellate review of the proposed findings and

recommendations.  If no objections are filed, no appellate review will be allowed.


                                        Robert Hayes Scott
                                        UNITED STATES MAGISTRATE JUDGE